UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 16-11 |
| ROBERT RICKS | SECTION: "J" (2) |

## ORDER & REASONS

Before the Court are a *Motion to Vacate under 28 U.S.C. § 2255* **(Rec. Doc. 155)** filed by Defendant Robert Ricks, an opposition thereto (Rec. Doc. 162) filed by the Government, and a reply (Rec. Doc. 165) by Defendant. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

A few days after New Orleans Police Department ("NOPD") officers received a tip about someone dealing drugs out of a home in Algiers where Defendant Robert Ricks and his girlfriend, M.M., resided, the officers began surveillance of the home. After they observed Defendant conduct several hand-to-hand transactions at the home, the officers obtained a search warrant and conducted a search of the premises. The search revealed cocaine base ("crack"), heroin, and a firearm, and a grand jury later charged Defendant with (1) conspiracy to distribute and possess with intent to distribute crack and heroin, (2) possession with the intent to distribute crack, (3) possession with the intent to distribute heroin, (4) possession of a firearm in

furtherance of drug trafficking, and (5) being a felon in possession of a firearm. M.M. claimed ownership of both the drugs and the gun throughout the pretrial process.

At trial, Defendant argued that the drugs and gun did not belong to him, but rather to M.M. and her former boyfriend, "Pig." M.M., who pleaded guilty to state drug charges in the matter, refused to testify at trial, and neither the Government nor the defense filed for a subpoena to force her to testify. She had been granted immunity from any federal charges stemming from the drugs and gun so that she could freely testify.[1] The defense, however, presented its theory through the cross-examination of the case agent to whom M.M. twice claimed ownership of the contraband. The Government presented the testimony of NOPD officers who found Defendant's driver's license in a pile of cocaine, drug purchasers who conducted hand-to-hand transactions with Defendant, and the case agent who found incriminating messages on Defendant's phone. A jury convicted Defendant on all five counts after a two-day trial. At sentencing, the Court sentenced Defendant to 60 months for the felon in possession of a firearm count and 240 months for the other counts running consecutively.[2] This represented a ten-year downward departure from the bottom of his sentencing guidelines range.

On appeal, Defendant argued that the Government interfered with his defense by intimidating his primary witness, M.M. After holding oral argument, a split panel of the Fifth Circuit affirmed Defendant's conviction and sentence. *United States v. Ricks*, 774 F. App'x 841, 843 (5th Cir. 2019) (per curiam). Defendant's petition for

---

[1] (Rec. Doc. 120).
[2] (Rec. Doc. 144).

certiorari was denied in October 2019.[3] Defendant then filed the instant motion on January 27, 2020, focusing on the alleged witness interference issue and raising ineffective assistance of counsel to avoid the procedural bar. He also argues that the Government did not provide sufficient evidence for the "in furtherance" prong of his conviction under 18 U.S.C. § 924(c) and that the holding of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), means that the Government did not carry its full burden for his conviction under 18 U.S.C. § 922(g).

## **LEGAL STANDARD**

28 U.S.C. § 2255 provides four circumstances under which a federal prisoner may move the convicting court to vacate, set aside, or correct a conviction or sentence: (1) "the sentence was imposed in violation of the Constitution or the laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255. A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a § 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge

---

[3] (Rec. Doc. 154).

must dismiss the motion." RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 8(a). An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that Defendant's motion, filed *pro se*, must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011).

## DISCUSSION

### I. DEFENDANT'S CLAIMS ARE PROCEDURALLY BARRED

Defendant first argues that the government improperly intimidated M.M. to prevent her from testifying and that there was insufficient evidence to sustain his § 924(c) conviction. However, these claims are procedurally barred.

A. **Defendant's Witness Interference Claim Was Decided on Direct Appeal, and Not Forcing M.M. to Testify Was a Reasonable Trial Decision**

Defendant may not relitigate the witness interference issue under a theory of ineffective assistance of counsel. A defendant may not raise an issue under a § 2255 motion that has already been decided on direct appeal. *E.g.*, *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). To avoid this procedural bar, Defendant couches his claim in terms of ineffective assistance of counsel.[4]

To establish a claim of ineffective assistance of counsel, a defendant must first show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must show that he suffered prejudice in that his "counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* Under the first prong of the test, the Court evaluates counsel's performance using "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). "'A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'" *Id.* (citation omitted). To satisfy the second prong, the defendant must show that there is a reasonable probability that the trial court outcome would have been different had counsel's performance not been deficient. *Strickland*, 466 U.S. at 694. "[C]omplaints of uncalled witnesses are not favored in

---

[4] (Rec. Doc. 155-2, at 12-13).

federal habeas corpus review because the presentation of evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

As to the first prong, Defendant fails to show how his counsel's performance was so deficient as to overcome the strong presumption of adequacy. Although he argues that M.M. fleeing on the day of trial meant "his defense [had] left the courthouse," his counsel presented through cross-examination all the material information to which Defendant asserts M.M. would have testified. Specifically, the jury heard through the case agent's testimony that M.M. pleaded guilty to the state drug charges, that M.M. twice told the case agent that the guns and drugs belonged to her, and that M.M. had previously been arrested for drug and gun charges. Defense counsel argued in opening and closing arguments that the guns and drugs belonged to M.M., rather than Defendant. Although one could question whether the jury hearing and observing M.M. testify at trial would have made a stronger impression, a reasonable trial strategy could have included not allowing M.M. to face a difficult cross-examination from the Government. *See United States v. Harris*, 408 F.3d 186, 192 (5th Cir. 2005) (holding defendant did not establish ineffective assistance of counsel for failure to call defendant to testify on his own behalf where "all or much of [his] testimony was elsewhere in the record" and not calling him prevented him from being "subject to rigorous cross-examination" by the government). Ultimately, Defendant cannot overcome the presumption of adequacy of counsel.

Defendant similarly fails to carry his burden as to his appellate court representation. Defendant contends that appellate counsel "failed to capture and present the full extent of the issue"[5] but then only argues that appellate counsel should have argued the inadequacy of the trial court tactics described above. Importantly, counsel managed to persuade one of the three Fifth Circuit judges to write a lengthy dissent, indicating that appellate counsel made strong, cogent arguments on his behalf. As with his trial counsel, Defendant fails to rebut the strong presumption of adequacy of his appellate counsel.

### B. Defendant's Claim of Insufficient Evidence Could Have Been Raised on Appeal, and Counsel Made a Tactical Decision to Not Pursue the "In Furtherance" Issue at Trial

Defendant may not challenge the sufficiency of the evidence supporting his § 924(c) conviction because he could have raised this issue on appeal. Issues that were not raised on appeal, but could have been, may not be litigated in a § 2255 motion. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982). To raise an issue for the first time in a § 2255 motion, the defendant must show (1) "cause" excusing the procedural default, and (2) "'actual prejudice' resulting from the errors of which he complains." *Id.* at 168. To establish "cause," the defendant must show "that some objective factor external to his defense prevented him from raising the claim" on appeal. *United States v. Flores*, 981 F.2d 231, 235 (5th Cir. 1993). "To show 'actual prejudice' the defendant must demonstrate not just the possibility of prejudice, but an actual and

---

[5] (Rec. Doc. 165, at 3).

substantial disadvantage, infecting his entire proceedings with error of constitutional dimension." *United States v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1991).

Defendant contends that his conviction violated his Fifth and Sixth Amendment rights because the Government failed to provide evidence of the "in furtherance of" element of the § 924(c) count.[6] However, this objection was not raised at trial or on appeal and may not be raised here without a showing of cause and prejudice. *See Frady*, 456 U.S. at 167-68. Defendant asserts that his trial counsel not seeking a judgement of acquittal and appellate counsel not pursuing the issue on appeal rose to the level of ineffective assistance of counsel and constitute cause excusing his procedural default.[7]

Defendant's argument that the Government failed to carry its burden on the "in furtherance of" prong lacks merit, and therefore he cannot establish ineffective assistance. Defendant cites *United States v. Mann*, 398 F.3d 869 (9th Cir. 2004), to argue that the Government failed to provide evidence that he possessed a gun in furtherance of drug trafficking. However, *Mann* involved a gun that was locked in a safe in a defendant's car. *Id.* at 872-73. Here, the Government demonstrated at trial that the drugs and gun were found without any kind of lock in the same room, along with $3,000 in cash. These facts are more in line with cases where courts have found sufficient evidence to support the "in furtherance of" requirement. *See, e.g., United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001) ("[A] firearm that is kept

---

[6] (Rec. Doc. 155-2, at 26-33). Section 924(c) provides that "any person . . . who, in furtherance of any [drug trafficking] crime, possesses a firearm" has committed an offense. 18 U.S.C. § 924(c)(1)(A).
[7] (Rec. Doc. 155-2, at 33).

8

available for use if needed during a drug transaction is 'possessed in furtherance of' drug trafficking."); *United States v. Luciano*, 329 F.3d 1, 6 (1st Cir. 2003) (holding that guns discovered in "close proximity . . . to [a] significant stockpile of heroin" established a "nexus" between the weapons and drug trafficking activity); *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001) ("[T]he firearm must be strategically located so that it is quickly and easily available for use."). Accordingly, Defendant cannot establish cause to excuse his procedural default on this claim.

## II. DEFENDANT MISSTATES THE HOLDING OF *REHAIF* AND HIS ARGUMENT OTHERWISE FAILS

Defendant contends that the holding from *Rehaif v. United States*, 139 S. Ct. 2191 (2019), decided after his conviction and appeal, requires a finding that he is actually innocent of the § 922(g) offense because the Government failed to prove that he knew that the gun traveled in interstate commerce.[8]

In *Rehaif*, the defendant, an immigrant from the United Arab Emirates, lost his student visa after being dismissed from his host university. 139 S. Ct. at 2194. Despite losing his immigration status, the defendant remained in the United States where he possessed firearms and frequented a gun range. *Id.* He was arrested, charged, and convicted under § 922(g) for possession of a firearm by someone unlawfully present in the United States. *Id.* Against his objections at trial, the trial court instructed the jury that the government was not required to prove that the defendant knew he was unlawfully present, but only that he knowingly possessed a

---

[8] Section 922(g) prohibits certain classes of persons, including those convicted of "a crime punishable by imprisonment for a term exceeding one year," from possessing a firearm "in or affecting commerce." § 922(g)(1).

9

firearm. *Id.* Relying on the longstanding presumption "that Congress intends to require a defendant to possess a culpable mental state regarding 'each of the statutory elements that criminalize otherwise innocent conduct,'" *id.* at 2195 (quoting *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994)), the Supreme Court held that the government is required to prove that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

Here, this means that the Government had the burden of proving that Defendant knew he "has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." § 922(g)(1). At trial, the Government presented Defendant's plea paperwork from his prior conviction as part of its Rule 404(b) evidence. The paperwork indicates that Defendant was present when he entered his guilty plea and at sentencing. Further, the paperwork shows that each of the three counts Defendant pleaded guilty to carried a sentence ranging from five to seven years of imprisonment.

Moreover, the Supreme Court explicitly rejected Defendant's argument in *Rehaif*. The Court explained that "jurisdictional elements"—here, the requirement that the firearm traveled in interstate commerce—"are not subject to the presumption in favor of scienter" because they "have nothing to do with the wrongfulness of the defendant's conduct." 139 S. Ct. at 2196; *see also United States v. Feola*, 420 U.S. 671, 677 n.9 (1975) ("[T]he existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute.").

Because Defendant was present when he entered his guilty plea and was sentenced to more than one year of imprisonment, he cannot succeed in showing he was actually innocent of the § 922(g) offense. Therefore, Defendant's *Rehaif* claim is meritless, and his motion will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Vacate under 28 U.S.C. § 2255* **(Rec. Doc. 155)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's *Motions to Expand the Record* **(Rec. Docs. 157, 158)** are **DENIED**.

New Orleans, Louisiana, this 17th day of March, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE